NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Argued April 19, 2013
Decided August 15, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 12-1809

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| v. | No. 11 CR 25-WMC |
| MAURICE MAXWELL, *Defendant-Appellant.* | William M. Conley, *Chief Judge*. |

**O R D E R**

On July 19, 2013, this court ordered a limited remand under the procedure set forth in *United States v. Paladino*, 401 F.3d 471, 483–84 (7th Cir. 2005), so that the district court could state on the record whether the sentence remains appropriate now that *Dorsey v. United*

*States*, 132 S. Ct. 2321, 2335–36 (2012) has confirmed that the lower mandatory minimums under the Fair Sentencing Act (FSA) apply to all defendants sentenced after August 3, 2010. *See United States v. Maxwell*, __F.3d__, 2013 WL 3766519 (7th Cir. July 19, 2013).

The district judge has replied he cannot conclude that he would have imposed the same sentence at the time of Maxwell's original sentencing had he known that the FSA applied. Specifically, Judge Conley states that Maxwell's revised Sentencing Guidelines range under the FSA "would play some role in arriving at an appropriate sentence on remand." Accordingly, pursuant to *Paladino*, we **VACATE** Maxwell's sentence and **REMAND** to the district court for resentencing.