In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-2799

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MAURICE L. MAXWELL,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 3:11-cr-00025-wmc-1 — **William M. Conley**, *Chief Judge.*

ARGUED APRIL 5, 2016 — DECIDED MAY 24, 2016

Before WOOD, *Chief Judge,* and BAUER and WILLIAMS, *Circuit Judges.*

BAUER, *Circuit Judge.* Defendant-appellant, Maurice Maxwell, was convicted of possession with intent to distribute five grams or more of a substance containing a cocaine base in violation of 21 U.S.C. § 841(a)(1). Although his conviction was affirmed on an earlier appeal, we have remanded this case twice for resentencing in light of recent opinions from the United States Supreme Court and our own circuit. Maxwell

now appeals for the third time, arguing that the district court miscalculated the applicable sentencing range under the United States Sentencing Commission Guidelines Manual. It appears that the third time's the charm; for the reasons that follow, we affirm the district court's sentence.

## I.  BACKGROUND

A jury convicted Maxwell on December 7, 2011. His initial sentencing hearing was on February 29, 2012. At the hearing, the district court applied the Sentencing Guidelines' career offender enhancement because Maxwell was over the age of eighteen when he committed the instant offense, a controlled substance offense, and he had three qualifying prior convictions: a Wisconsin conviction for possession with intent to deliver; a Minnesota conviction for simple robbery; and a Minnesota conviction for fleeing from an officer. Applying the career offender enhancement, Maxwell's Sentencing Guidelines range was between 262 and 327 months' imprisonment.

The district court sentenced Maxwell to 144 months' imprisonment, adjusted to 125 months to account for the 19 months that Maxwell had already served. The district court also imposed five years of supervised release. Maxwell appealed, and this court affirmed his conviction. *See United States v. Maxwell*, 724 F.3d 724 (7th Cir. 2013). But we found that the Supreme Court's decision in *Dorsey v. United States*, 132 S. Ct. 2321 (2012), held that the Fair Sentencing Act's lower mandatory minimums applied to all defendants sentenced after August 3, 2010. *Id.* at 728. So we ordered "a limited *Paladino* remand so that the district court may inform us whether it wants to resentence the defendant." *Id.* at 729. On

remand, the district court noted that in light of *Dorsey*, it might have issued a different sentence; so we ordered a full remand and resentencing. *See United States v. Maxwell*, 527 F. App'x 550, 551 (7th Cir. 2013).

On July 30, 2014, the district court resentenced Maxwell, noting that in light of the Fair Sentencing Act and *Dorsey*, Maxwell's Sentencing Guidelines range was now between 210 and 240 months. The district court sentenced Maxwell to 120 months' imprisonment and gave the following explanation:

> Taking into consideration the nature of [Maxwell's] offense and the correct advisory guidelines; as well as [Maxwell's] personal history, characteristics and recent steps toward rehabilitation; I find, as to Count 1 of the indictment, that a sentence of 120 months is reasonable and not more than necessary to satisfy the statutory purposes of sentencing set forth at Section 3553(a) of Title 18.

The district court again credited Maxwell 19 months for the amount of time he had served in prison prior to his conviction. The district court retained the original terms and conditions of Maxwell's supervised release.

Maxwell appealed again. On February 25, 2015, Maxwell and the government filed a joint motion for summary reversal and remand for resentencing in regards to certain conditions of Maxwell's supervised release, in light of *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015). We granted the motion on April 30, 2015, vacating the sentence and remanding for a second resentencing.

The district court held Maxwell's second resentencing hearing on August 11, 2015. Maxwell argued, and the government conceded, that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), Maxwell's prior Minnesota conviction for fleeing from an officer no longer constituted a "crime of violence" under the Sentencing Guidelines for purposes of the career offender enhancement. Maxwell also argued that his prior Minnesota conviction for simple robbery was not a crime of violence, and thus he was not a career offender. The district court responded:

> [I]f I didn't make it clear: in my last resentencing, as well as really the first one, I didn't feel bound by the career offender guideline. I arrived at a sentence based on the factors of Section 3553(a) of Title 18 and I continue to believe that the sentence imposed under the amendments applies … . I did consider the career offender guidelines before thinking about an appropriate sentence, but I have not relied upon those guidelines in arriving at the sentence here. And so whether or not simple robbery is an appropriate consideration or not, I am comfortable with the sentence that has been imposed independent of those guidelines.

The district court again sentenced Maxwell to 120 months' imprisonment, with credit for 19 months. Maxwell appealed.

## II. DISCUSSION

Maxwell's sole contention is that his prior Minnesota conviction for simple robbery does not constitute a crime of violence under the Sentencing Guidelines; and that the district court erred by applying the career offender enhancement in

calculating the applicable sentencing range. "We review *de novo* whether a prior conviction qualifies as a predicate conviction for purposes of applying the career offender enhancement." *United States v. Womack*, 610 F.3d 427, 430 (7th Cir. 2010) (citation omitted).

Under the Sentencing Guidelines, to qualify for the career offender enhancement, a criminal defendant must: (1) be at least 18 years old at the time he or she committed the instant offense; (2) the instant offense must be a felony conviction for either a crime of violence or a controlled substance offense; and (3) the defendant must have "at least two prior felony convictions of either a *crime of violence* or a controlled substance offense." U.S.S.G. § 4B1.1(a) (2015) (emphasis added). The Sentencing Guidelines further state:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) (2015).

As discussed above, while Maxwell originally had three qualifying prior convictions, all parties now agree that his conviction for fleeing from an officer no longer constitutes a

crime of violence. Of his two remaining convictions, Maxwell only challenges his prior Minnesota conviction for simple robbery. He claims that it is not a crime of violence under the Sentencing Guidelines because the Minnesota statute for "simple robbery" is broader than § 4B1.2(a)'s definition of a "crime of violence." As a result, he claims the district court improperly imposed the career offender enhancement.

We apply the "categorical approach" to determine whether Maxwell's prior Minnesota conviction for simple robbery qualifies as a crime of violence under § 4B1.2(a)(1). *See United States v. Woods*, 576 F.3d 400, 403 (7th Cir. 2009) (citing *James v. United States*, 550 U.S. 192 (2007)). Under the categorical approach, we do not research the underlying facts of Maxwell's prior conviction. *Id.* (citations omitted). Rather, we only examine whether the Minnesota simple robbery statute has as an element of the offense the "use, attempted use, or threatened use of physical force against the person of another." *Id.* (citations omitted); *see also United States v. Curtis*, 645 F.3d 937, 939–40 (7th Cir. 2011) ("The question is whether the *elements of the offense* are of the type that would justify its inclusion … without inquiring into the specific conduct of this particular offender.") (Internal quotations and citations omitted).

Minnesota's Criminal Code defines "simple robbery" as follows:

> Whoever, having knowledge of not being entitled thereto, takes personal property from the person or in the presence of another and *uses or threatens the imminent use of force against any person* to overcome the

> person's resistance or powers of resistance to, or to compel acquiescence in, the taking or carrying away of the property is guilty of robbery.

Minn. Stat. § 609.24 (emphasis added).

Maxwell argues that the Minnesota statute is broader than § 4B1.2(a)(1) in two material respects. First, he notes that the Minnesota statute only requires "force," while the Sentencing Guidelines specifically require "physical force." Second, he asserts that the Minnesota statute allows the force to be against "any person," while the Sentencing Guidelines state that the physical force must be against the "person of another." Both arguments are without merit.

We first address Maxwell's argument regarding requisite force. The United States Supreme Court has clarified that "physical force" means "force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (citation omitted); *see also Curtis*, 645 F.3d at 940 (applying *Johnson* to § 4B1.2(a)(1)). Maxwell contends that the Minnesota statute does not clarify whether the "force" necessary to constitute a simple robbery is force capable of causing physical pain or injury. He speculates that "mental force" could constitute a simple robbery in Minnesota, but not a crime of violence under § 4B1.2(a)(1).

We rely on Minnesota law to determine what amount of force constitutes a simple robbery in Minnesota. *See Johnson*, 559 U.S. at 138 (citation omitted). Under Minnesota law, "fifth-degree assault" is a lesser included offense of simple robbery. *State v. Stanifer*, 382 N.W.2d 213, 220 (Minn. Ct. App. 1986). Fifth-degree assault is defined under the Minnesota Criminal

Code as either committing "an act with intent to cause fear in another of immediate *bodily harm* or death," or "intentionally inflict[ing] or attempt[ing] to inflict *bodily harm* upon another." Minn. Stat. § 609.224 subd. 1 (emphasis added). Further, bodily harm is defined under the Minnesota Criminal Code as "physical pain or injury, illness, or any impairment of physical condition." Minn. Stat. § 609.02 subd. 7.

Therefore, under Minnesota law, intentionally committing an act that inflicts physical pain or injury on another, or attempts or threatens to do so, is a lesser included offense of simple robbery. As a result, although the Sentencing Guidelines state "physical force" while the Minnesota statute only uses the word "force," both convey force capable of causing physical pain or injury. Maxwell's argument that the Minnesota statute is broader than § 4B1.2(a)(1) fails.

Maxwell also asserts that the Minnesota statute is broader than the Sentencing Guidelines because it punishes force applied against "any person," while § 4B1.2(a)(1) only punishes force applied against the "person of another." Maxwell claims this distinction is important because under Minnesota law an individual who threatens to harm himself unless the victim hands over his possessions commits simple robbery, but it would not constitute a crime of violence under the Sentencing Guidelines. However, Maxwell has not presented any instances of simple robbery convictions in which the robber threatened to harm himself if the victim did not surrender his property. Maxwell cannot rely on fanciful hypotheticals not applicable in real world contexts (apart from law school exams) to show that the Minnesota statute is broader than the Sentencing Guidelines. *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)

("[T]o find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language. It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime.").

Further, the Advisory Committee Comments to Minnesota Statute § 609.24 clarify this issue. Regarding the phrase "[a]gainst any person," the Comments state that "[t]he kind of case covered involving one other than the victim is one in which 'X' threatens to kill 'Y' if 'Z' does not hand over his wallet." Thus, although the Minnesota statute uses the words "any person," while § 4B1.2(a)(1) states "person of another," both cover situations in which a robber threatens to harm a victim or a third person, *not* instances where the robber threatens to harm himself.

Therefore, since the Minnesota statute for simple robbery is not broader than § 4B1.2(a)(1), it was appropriate for the district court to rely on the career offender enhancement in calculating Maxwell's Sentencing Guidelines range.[1]

---

[1] Even if the career offender enhancement were inappropriate, we would still affirm the sentence because the district court expressly rejected relying on the Sentencing Guidelines range in determining Maxwell's sentence. *See United States v. Abbas*, 560 F.3d 660, 666–67 (7th Cir. 2009); *see also Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016) ("There may be instances when, despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not exist … . The record in a case may show, for example, that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range.").

### III. CONCLUSION

For the foregoing reasons, the district court's sentence is AFFIRMED.