In the
 United States Court of Appeals
 For the Seventh Circuit
 ____________________
No. 21-2534
UNITED STATES OF AMERICA,
 Plaintiff-Appellee,
 v.

LAVELLE HATLEY,
 Defendant-Appellant.
 ____________________

 Appeal from the United States District Court for the
 Northern District of Indiana, Hammond Division.
 No. 2:20-cr-15 — Philip P. Simon, Judge.
 ____________________

 ARGUED SEPTEMBER 13, 2022 — DECIDED MARCH 6, 2023
 ____________________

 Before FLAUM, BRENNAN, and SCUDDER, Circuit Judges.
 SCUDDER, Circuit Judge. Once again we find ourselves
asking what qualifies for enhanced sentencing under the
Armed Career Criminal Act. This time around we assess
whether Hobbs Act robbery constitutes a “violent felony”
within the meaning of 18 U.S.C. § 924(e). The district court
answered in the affirmative and so do we, leaving us to
affirm.
2 No. 21-2534

 I

 Police officers discovered a gun in Lavelle Hatley’s
possession during a traffic stop in Gary, Indiana, in January
2020. Hatley’s criminal record at the time included multiple
state and federal felony convictions. Federal charges
followed and led to Hatley pleading guilty to being a felon
in possession of a firearm in violation of 18 U.S.C.
§ 922(g)(1), which ordinarily carries a statutory maximum of
10 years. See 18 U.S.C. § 924(a)(2).
 At sentencing the government contended that Hatley’s
criminal history exposed him to an enhanced sentence of at
least 15 years under the Armed Career Criminal Act or (for
short) ACCA—in particular under 18 U.S.C. § 924(e). The
enhancement applies to offenders with “three previous
convictions … for a violent felony … committed on
occasions different from one another.” 18 U.S.C. § 924(e)(i).
The central question before the district court was whether
Hatley had at least three predicate felonies to qualify for the
enhancement.
 Hatley’s criminal history included convictions for both
robbery and criminal battery under Indiana law. Everyone
agreed that those two Indiana crimes qualified as violent
felonies within the meaning of § 924(e). But ACCA requires
at least three. Hatley also had eight separate convictions in
federal court for Hobbs Act robberies committed on eight
different occasions. He contended that these robbery
convictions did not qualify as “violent felonies” and thus
that he was ineligible for the § 924(e) enhancement.
 The district court rejected Hatley’s position, found him to
be an armed career criminal, and sentenced him to the 15-
No. 21-2534 3

year minimum term mandated by § 924(e). Hatley now
appeals his sentence.
 II

 A

 In answering whether Hobbs Act robbery qualifies as a
violent felony, we draw upon substantial instruction
supplied by the Supreme Court beginning in its decision in
Taylor v. United States, 495 U.S. 575 (1990). Taylor and its
progeny require us to apply the categorical approach by
comparing the prior offense of conviction with the
sentencing enhancement statute. See id. at 602; see also
Shular v. United States, 140 S. Ct. 779, 783 (2020). We have
explained and applied this approach many times before. See,
e.g., United States v. Campbell, 865 F.3d 853, 855–57 (7th Cir.
2017); Bridges v. United States, 991 F.3d 793, 800–02 (7th Cir.
2021).
 Under the categorical approach, the only question is
whether the elements of the defendant’s prior crime (here,
Hobbs Act robbery) fit within the elements of the predicate
crime in the enhancement statute (here, § 924(e)). See
Descamps v. United States, 570 U.S. 254, 257 (2013). By
elements we mean the “statutory definitions” of the crime.
Bridges, 991 F.3d at 800. A defendant’s prior conviction
qualifies as an ACCA predicate, the Supreme Court has
explained, “only if the statute’s elements are the same as, or
narrower than,” the predicate crime listed in the ACCA
enhancement. Descamps, 570 U.S. at 257.
 By focusing on the elements of the prior offense of
conviction rather than the facts, we ask whether the least
serious acts satisfying the elements of the prior crime would
4 No. 21-2534

also satisfy the elements of the predicate crime under ACCA.
See Johnson v. United States, 559 U.S. 133, 137 (2010). Put
another way, if there is any way to commit Hobbs Act
robbery without also committing a “violent felony” under
§ 924(e), there is no categorical fit—meaning Hobbs Act
robbery is not a violent felony under ACCA. That conclusion
holds even if Hatley’s actual offense conduct for any of his
eight prior Hobbs Act robbery convictions involved violent
force. See Descamps, 570 U.S. at 261.
 B

 The starting point with the categorical approach, then, is
to assess whether the elements of Hobbs Act robbery under
18 U.S.C. § 1951 fit within ACCA’s definition of a violent
felony. The Hobbs Act is divisible into two separate offenses:
robbery and extortion. See King v. United States, 965 F.3d 60,
69 (1st Cir. 2020) (collecting cases treating the Hobbs Act as
divisible). All of Hatley’s convictions are for Hobbs Act
robbery, so we focus only on whether the statutory elements
of Hobbs Act robbery (and not Hobbs Act extortion) fit
within § 924(e). See Descamps, 570 U.S. at 261–64; see also
Bridges, 991 F.3d at 799–802 (treating Hobbs Act robbery
separately from Hobbs Act extortion under the categorical
approach). Both parties agree with this analytical approach.
 Next we compare the elements of Hobbs Act robbery
with the elements of a violent felony under ACCA. Congress
defined Hobbs Act robbery as
 the unlawful taking or obtaining of personal
 property from the person or in the presence of
 another, against his will, by means of actual or
 threatened force, or violence, or fear of injury,
No. 21-2534 5

 immediate or future, to his person or property,
 or property in his custody or possession, or the
 person or property of a relative or member of
 his family or of anyone in his company at the
 time of the taking or obtaining.
18 U.S.C. § 1951(b)(1). As for the sentencing enhancement
imposed by ACCA, Congress defined “violent felony” as
 any crime punishable by imprisonment for a
 term exceeding one year … that—
 (i) has as an element the use, attempted
 use, or threatened use of physical force
 against the person of another; or
 (ii) is burglary, arson, or extortion ….
18 U.S.C. § 924(e)(2)(B). Everyone refers to the first clause of
the definition—the one in subparagraph (i)—as the “force
clause” or the “elements clause” and the second as the
“enumerated clause.” See, e.g., United States v. Dowthard, 948
F.3d 814, 818–19 (7th Cir. 2020).
 The language Congress used in § 1951(b)(1) tells us that
defendants can commit Hobbs Act robbery by using force
against either a person or property. To qualify as a violent
felony under ACCA, then, both ways of committing Hobbs
Act robbery must fit within ACCA. See Descamps, 570 U.S. at
261 (explaining that a crime constitutes a predicate offense
within the meaning of § 924(e) only if every person
convicted under the predicate offense is necessarily guilty of
an offense under § 924(e)).
 All agree that a Hobbs Act robbery committed by using
force against a person fits within ACCA’s force clause. Both
6 No. 21-2534

statutes require actual or threatened physical force against
another person: the Hobbs Act provides for “actual or
threatened force, or violence, or fear of injury, immediate or
future, to [another’s] person,” with ACCA’s force clause
likewise covering “the use, attempted use, or threated use of
physical force against the person of another.” 18 U.S.C.
§§ 1951(b)(1), 924(e)(2)(B).
 But the other way of committing Hobbs Act robbery—by
using force against property—does not fit within ACCA’s
force clause. The force clause in § 924(e) only provides for
committing force against persons, not property. As a result,
we have to look beyond the force clause to determine if
Hobbs Act robbery committed using force against property
qualifies as a violent felony under some other provision of
ACCA.
 That inquiry takes us to ACCA’s enumerated clause.
That clause expressly lists extortion as a violent felony. See
18 U.S.C. § 924(e)(2)(B)(ii). The question then becomes
whether a conviction of Hobbs Act robbery for using force
against property fits within ACCA extortion. Because ACCA
does not define extortion, we import the generic definition
from the common law. See Mathis v. United States, 579 U.S.
500, 503 (2016) (explaining that enumerated offenses are
given their generic meaning). Generic extortion, the
Supreme Court has explained, requires “obtaining []
something of value from another with his consent induced
by the wrongful use of force, fear, or threats.” Scheidler v.
Nat’l Org. for Women, Inc., 537 U.S. 393, 410 (2003).
 A careful reader may be pausing at this point and
questioning why we are using the generic definition of
extortion to interpret ACCA’s enumerated clause when the
No. 21-2534 7

Hobbs Act provides its own, similar definition. See 18 U.S.C.
§ 1951(b)(2) (“The term ‘extortion’ means the obtaining of
property from another, with his consent, induced by
wrongful use of actual or threatened force, violence, or fear,
or under color of official right.”). But remember the question
we are trying to answer and the analysis that the categorical
approach requires. We look to the Hobbs Act only to
understand the elements of Hobbs Act robbery, the prior
conviction at issue here. Once we understand those
elements, our focus turns to ACCA, the statute under which
Hatley received an enhanced sentence. We assess whether
each way of committing Hobbs Act robbery fits within
ACCA’s definition of “violent felony” in § 924(e)(2)(B). Put
most simply, the Hobbs Act does not tell us what constitutes
extortion under ACCA. That answer has to come from
ACCA itself. See Descamps, 570 U.S. at 261 (applying the
categorical approach and considering whether “the relevant
statute has the same elements as the ‘generic’ ACCA
crime”).
 Now we can turn to the final step of our analysis and
decide whether generic extortion within the meaning of
§ 924(e)(2)(B)(ii) encompasses Hobbs Act robbery committed
using force against property. Admittedly, the definitions of
each offense differ. Generic extortion means “obtaining
something of value from another with his consent induced
by the wrongful use of force, fear, or threats.” Scheidler, 537
U.S. at 409. Hobbs Act robbery, on the other hand, requires
an “unlawful taking or obtaining of personal property from
the person … against his will, by means of actual or
threatened force” to property. 18 U.S.C. § 1951(b)(1). The
core disagreement between the parties is whether taking
something from someone “with his consent induced by the
8 No. 21-2534

wrongful use of force” against property encompasses taking
something from someone “against his will” by means of
force against property.
 In our view, generic extortion encompasses Hobbs Act
robbery using force against property. Make no mistake, the
analysis is difficult, and the issue is close. Wrongfully
induced consent is one of only a few elements that sets
generic extortion and Hobbs Act extortion apart from Hobbs
Act robbery. The Supreme Court has said that induced
consent is therefore “designed to distinguish” extortion from
robbery. Ocasio v. United States, 578 U.S. 282, 297 (2016).
 But Hatley cannot show a categorical mismatch simply
by pinpointing a textual difference, especially when that
difference proves to be “superficial” in the specific context of
Hobbs Act robbery using force against property. United
States v. Turner, 47 F.4th 509, 514 (7th Cir. 2022). Neither can
he show a categorical mismatch by invoking a “purely
abstract possibility” that Hobbs Act robbery using force
against property may somehow be broader than generic
extortion. United States v. Jennings, 860 F.3d 450, 460 (7th Cir.
2017). Instead, the question we ask ourselves is whether
there is a “realistic probability” that someone could commit
a Hobbs Act robbery by using force against property
without also committing generic extortion. Gonzales v.
Duenas-Alvarez, 549 U.S. 183, 193 (2007). Hatley has not
identified any examples, let alone one rising above a
“fanciful hypothetical[].” United States v. Maxwell, 823 F.3d
1057, 1062 (7th Cir. 2016). Neither have we, after conducting
our own independent review.
 Our conclusion is broadly consistent with three other
circuits and a leading criminal law treatise. See United States
No. 21-2534 9

v. Becerril-Lopez, 541 F.3d 881, 891–92, 892 n.9 (9th Cir. 2008)
(“The ‘with consent’ element of generic extortion is not
inconsistent with the ‘against the will’ element of a Cal.
Penal Code § 211 conviction for a taking involving threats to
property.”); United States v. Castillo, 811 F.3d 342, 348 (10th
Cir. 2015) (“We see no meaningful difference in this context
between a taking of property accomplished against the
victim’s will and one where the victim’s consent is obtained
through force or threats.”); United States v. Montiel-Cortes,
849 F.3d 221, 228 (5th Cir. 2017) (concluding that consent
wrongfully induced by force “is against the victim’s will” for
purposes of Nevada’s robbery statute); 3 Wayne R. LaFave,
Substantive Criminal Law, § 20.4(b) (3d ed. 2022) (explaining
that “there is no difference” between taking property against
a victim’s will and doing so with wrongfully induced
consent). True enough, Becerril-Lopez no longer controls
following amendments to the Sentencing Guidelines’
definition of extortion. See United States v. Bankston, 901 F.3d
1100, 1103 (9th Cir. 2018). But the underlying rationale of
Becerril-Lopez has survived. See id. at 1104–05 (continuing to
apply Becerril-Lopez to defendants sentenced before the
amendments to the Guidelines’ definition of extortion).
 By contrast, the Sixth Circuit has adopted a different
approach. See Raines v. United States, 898 F.3d 680, 689–90
(6th Cir. 2018) (per curiam). The Fourth Circuit did as well in
a case later overruled on a different ground. See United States
v. Gardner, 823 F.3d 793, 802 n.5 (4th Cir. 2016), overruled by
United States v. Dinkins, 928 F.3d 349, 355–56 (4th Cir. 2019).
In both cases, the court found a categorical mismatch based
partly on the same discrepancy between a nonconsensual
taking and a taking with a victim’s wrongfully induced
consent. See Raines, 898 F.3d at 689–90 (concluding that
10 No. 21-2534

credit extortion under 18 U.S.C. § 894(a)(1) does not fit
within generic extortion); Gardner, 823 F.3d at 802 n.5
(determining that generic extortion does not encompass
North Carolina common law robbery).
 Raines and Gardner do not persuade us to change course.
Neither case identified an example of a nonconsensual
taking that did not involve the victim’s induced consent, let
alone an example that would apply to Hobbs Act robbery
committed using force against property. Instead, Raines
explained how a defendant could commit credit extortion
without committing generic extortion based on a different
discrepancy between the two offenses. See Raines, 898 F.3d at
690. For its part, Gardner leaned heavily on the fact that the
state and federal government each had separate laws for
extortion and robbery. See Gardner, 823 F.3d at 802 n.5. But
the Supreme Court has warned against fixating on “technical
definitions and labels” in applying the categorical approach.
Taylor, 495 U.S. at 590.
 In the end, the approach we employ aligns with our prior
decisions. Consider, for example, our 2021 decision in
Bridges v. United States, 991 F.3d 793. There we analyzed
whether Hobbs Act robbery is a “crime of violence” within
the meaning of the Sentencing Guidelines’ career offender
provisions. And there, as here, we focused on Hobbs Act
robbery, not Hobbs Act extortion. See id. at 801. There, too,
we looked at the realistic and probable ways that a
defendant could commit Hobbs Act robbery and determined
whether each of those ways fits within the definition of
“crime of violence” in U.S.S.G. § 4B1.2. See id. at 801–02. Like
ACCA, the Guidelines’ career offender provision has both a
force clause and an enumerated clause. But the Guidelines
No. 21-2534 11

define extortion more narrowly than the generic definition
we apply here, allowing a defendant to commit Hobbs Act
robbery without committing extortion under the Sentencing
Guidelines. See id. at 802. We therefore concluded in Bridges
that Hobbs Act robbery was not a crime of violence for
purposes of the Sentencing Guidelines. See id.
 We have applied the exact same analytical approach
here. That we have reached a different conclusion reflects
only the differences in how the enumerated clause of
§ 924(e) and the Guidelines’ career offender provision define
extortion.
 C

 Hatley urges a different course of reasoning. He observes
that under the district court’s analysis, Hobbs Act robbery
qualifies as a violent felony because every way of
committing the offense either fits within the force clause or
the enumerated clause of § 924(e). He believes that by using
this “either/or” analysis, the district court improperly treated
Hobbs Act robbery as a divisible offense, consisting of the
separate crimes of robbery against persons and robbery
against property. As he sees it, Hobbs Act robbery is a
violent felony only if the different ways of committing the
offense all fit under the same clause of ACCA.
 But the district court never suggested that a Hobbs Act
offense, while generally divisible between robbery and
extortion, was further sub-divisible between robbery
committed by using force against persons and robbery
committed by using force against property. Instead, the
district court considered the different ways to commit the
same, single offense of Hobbs Act robbery. From there the
12 No. 21-2534

district court compared those ways to the force clause and to
the enumerated clause under ACCA. That is exactly what a
proper application of the categorical approach requires and
what we have done here.
 III

 One final matter requires our attention. Recall that the
ACCA sentencing enhancement applies only if the prior
violent felonies were “committed on occasions different
from one another.” 18 U.S.C. § 924(e)(i). The district court
found that Hatley met the separate occasions requirement
because his eight prior Hobbs Act convictions involved
different victims and were separated over time and place.
Hatley now argues that the Sixth Amendment requires a
jury, rather than a judge, to make this finding beyond a
reasonable doubt. But Hatley did not raise these arguments
below, so our review is only for plain error. See Fed. R.
Crim. P. 52(b).
 Hatley’s position is foreclosed by precedent. In United
States v. Elliott, 703 F.3d 378 (7th Cir. 2012), we determined
that a sentencing judge may make a separate occasions
finding for purposes of applying the ACCA enhancement.
See id. at 382. We grounded our holding in longstanding
Supreme Court precedent allowing a sentencing judge to
find facts related to the existence of prior crimes. See id. at
381–82 (citing Almendarez-Torres v. United States, 523 U.S.
224, 239 (1998)). In terms fully applicable here, we
underscored in Elliott that we would not revisit our holding
“unless and until the Supreme Court overrules Almendarez-
Torres or confines it solely to the fact of a prior conviction.”
Id. at 383.
No. 21-2534 13

 The Supreme Court has not overruled or limited
Almendarez-Torres. The Court recently reversed a sentencing
judge’s separate occasions finding but expressly reserved the
Sixth Amendment issue. See Wooden v. United States, 142 S.
Ct. 1063, 1068 n.3, 1071 (2022). The Court did not reconsider
or otherwise question Almendarez-Torres. And in Wooden’s
wake, other circuits have continued to recognize the
propriety of sentencing judges making this finding. See, e.g.,
United States v. Belcher, 40 F.4th 430, 432 (6th Cir. 2022);
United States v. Reed, 39 F.4th 1285, 1296 (10th Cir. 2022). We
do the same.
 For these reasons, we AFFIRM.