In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 23-2338

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CAMERON JOHNSON,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:20-cr-00060 — **Tanya Walton Pratt**, *Chief Judge.*

_____

ARGUED APRIL 10, 2024 — DECIDED AUGUST 20, 2024

_____

Before RIPPLE, HAMILTON, and BRENNAN, *Circuit Judges.*

RIPPLE, *Circuit Judge.* The Armed Career Criminal Act ("ACCA") prescribes enhanced penalties in felon-in-possession cases when the defendant has "three previous convictions … for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Cameron Johnson pleaded guilty to possession of a firearm as a convicted felon. He previously had been convicted of three counts of robbery under Indiana law,

which is a violent felony under ACCA.[1] He nevertheless contended in the district court that he did not qualify for an enhanced sentence under ACCA. In his view, he had committed two of the robberies on the same occasion, rather than on "occasions different from one another." *Id.* He also contended that a jury should decide whether he had committed the robberies on the same or different occasions.

The district court, relying on our precedent, rejected Mr. Johnson's contention that the different-occasions question had to be decided by a jury. The court also concluded that the robberies had been committed on different occasions. It sentenced Mr. Johnson to fifteen years in prison, the minimum under ACCA.

The Supreme Court recently has held that the Fifth and Sixth Amendments entitle defendants to have a jury decide whether prior offenses were committed on the same or different occasions. *Erlinger v. United States*, 144 S. Ct. 1840, 1852 (2024). Given the advent of *Erlinger*, we now know that the district court erred in declining to send the different-occasions question to a jury. This error, moreover, was not a harmless one. Accordingly, we vacate the judgment of the district court and remand the case for further proceedings consistent with this opinion.

# I

## BACKGROUND

On September 15, 2019, a police officer found a handgun in Mr. Johnson's car. As a convicted felon, Mr. Johnson could not lawfully possess that handgun. The Government

---

[1] *United States v. Duncan*, 833 F.3d 751, 752 (7th Cir. 2016).

therefore charged him with possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g). He pleaded guilty to that offense.

The Government also charged in the indictment that Mr. Johnson qualified for an enhancement under ACCA. It relied on three prior offenses: two robberies committed on January 22, 2009 and one robbery committed in 2016. Mr. Johnson objected to ACCA classification, contending that the two January 22, 2009 robberies were committed on one occasion, not on different occasions. After Mr. Johnson's objection, *both* the Government and Mr. Johnson submitted that a jury should decide, on a beyond-a-reasonable-doubt standard, whether the January 22, 2009 robberies were committed on the same or different occasions. The district court rejected this contention on the ground that it was foreclosed by Seventh Circuit precedent. The court therefore concluded that it would decide the different-occasions question at sentencing.

Before sentencing, the parties submitted evidence relevant to the different-occasions question. According to the parties' evidence, early in the morning of January 22, 2009, Mr. Johnson and two other individuals drove to a bus stop. Mr. Johnson and one of the other individuals got out of the car. Mr. Johnson, armed with a handgun, ordered a man at the bus stop to give up his sneakers, book bag, and cell phone. The man complied. Mr. Johnson and his accomplices then drove over to a different bus stop, 0.6 miles away. Mr. Johnson, still armed with the gun, got out of the car and took two dollars from the purse of a woman waiting at the second bus stop. The amount of time that elapsed between the two robberies is not clear. The dispatches that local police received after the robberies came in at "approximately 6:55am" and

"approximately 7:00am."[2] A map that the parties submitted indicates that it takes approximately two minutes to drive from the first bus stop to the second one.

The district court concluded that the robberies were committed on different occasions. In support, it stated that the robberies "did not occur at the same location with one address," were not "part and parcel of the same scheme," and were not "uninterrupted conduct."[3] The court explained that, because Mr. Johnson's three prior robberies amounted to violent felonies that were committed on different occasions, Mr. Johnson qualified for an enhanced sentence under ACCA. The court sentenced Mr. Johnson to fifteen years' imprisonment to be followed by three years of supervised release.

## II

## DISCUSSION

### A.

The governing statutory language appears straightforward. Under ACCA, a defendant convicted of possession of a firearm as a convicted felon who has "three previous convictions … for a violent felony or a serious drug offense, or both, committed on occasions different from one another" must be sentenced to at least fifteen years' imprisonment. 18 U.S.C. § 924(e)(1).

Despite the uncomplicated text of the statute, significant interpretative problems have arisen in implementing the

---

[2] R.120-2 at 1.

[3] Sent. Tr. at 10, 13.

statute. One such problem has been determining what it means for offenses to have been committed on different occasions. In *Wooden v. United States*, 595 U.S. 360 (2022), the Supreme Court addressed that question. The defendant in that case had burglarized ten connected storage units in a one-building storage facility in a single evening in 1997. He pleaded guilty to ten counts of burglary under Georgia law. Nearly two decades later, police found guns in the defendant's home, and he pleaded guilty to possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g). The Government submitted that the ten 1997 burglary offenses were committed on different occasions and that the defendant therefore qualified for an enhanced sentence under ACCA.

The Supreme Court determined that Wooden had committed the offenses on the same occasion. It rejected the view embraced by the Government and many of the courts of appeals that offenses occur on different occasions whenever they occur "sequentially rather than simultaneously." 595 U.S. at 365; *see id.* at 365 n.1 (citing *United States v. Morris*, 821 F.3d 877, 880 (7th Cir. 2016) and other decisions). It held that ACCA instead required a "more holistic inquiry" into a "range of circumstances." *Id.* at 365, 369. The test the Court embraced is "multi-factored in nature":

> Offenses committed close in time, in an uninterrupted course of conduct, will often count as part of one occasion; not so offenses separated by substantial gaps in time or significant intervening events. Proximity of location is also important; the further away crimes take place, the less likely they are components of the same criminal event. And the character and

> relationship of the offenses may make a differ-
> ence: The more similar or intertwined the con-
> duct giving rise to the offenses—the more, for
> example, they share a common scheme or pur-
> pose—the more apt they are to compose one oc-
> casion.

*Id.* at 369. The Court concluded that, although there would be "hard cases" under that test, Wooden's case was an "easy one," because "every relevant consideration" indicated that the burglaries occurred on one occasion. *Id.* at 370, 371 n.4.

Although *Wooden* settled one question, it brought another to the surface. Prior to *Wooden*, the federal courts of appeals had held that defendants did not have a right, under the Fifth and Sixth Amendments, to a jury determination on the question whether offenses were committed on different occasions.[4] But, as some judges pointed out, *Wooden* called for an inquiry into a range of facts other than the fact of a prior conviction, while the Supreme Court's recent jury trial cases held that, in deciding eligibility for a mandatory minimum, courts can look only to the fact of a prior conviction. *See United States v. Stowell*, 82 F.4th 607, 612–14 (8th Cir. 2023) (en banc) (Erickson, J., dissenting) (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its progeny); *United States v. Brown*, 67 F.4th 200, 215–16 (4th Cir. 2023) (Heytens, J., concurring) (citing the same line of cases). Indeed, the Government itself came to the position that the Constitution entitles defendants to a jury determination on the different-occasions question. *See* Gov't Br.

---

[4] *See* Gov't Br. Supp. Pet. Cert. at 9–10, *Erlinger v. United States*, No. 23-370 (U.S. Oct. 17, 2023) (collecting cases).

Supp. Pet'r at 11, *Erlinger v. United States*, No. 23-370 (U.S. Jan. 3, 2024).

The Supreme Court agreed with that position in *Erlinger v. United States*, *supra*. It held in that case that the Fifth and Sixth Amendments entitle defendants to demand a determination by a unanimous jury, beyond a reasonable doubt, on the different-occasions question. 144 S. Ct. at 1852. *Erlinger* applies here because Mr. Johnson's case was still pending on direct review at the time *Erlinger* was decided. *See Griffith v. Kentucky*, 479 U.S. 314, 328 (1987). Given *Erlinger*, we agree with Mr. Johnson that the district court erred in declining to send the different-occasions question to a jury.

**B.**

The Government nevertheless submits that the error was harmless. Errors that "infringe upon the jury's factfinding role" are "subject to harmless-error analysis." *Neder v. United States*, 527 U.S. 1, 18 (1999). This analysis is applicable when there is a "[f]ailure to submit a sentencing factor to the jury." *Washington v. Recuenco*, 548 U.S. 212, 222 (2006); *see Erlinger*, 144 S. Ct. at 1860 (Roberts, C.J., concurring). However, a failure to submit a sentencing factor to a jury is harmless only if it is "clear beyond a reasonable doubt" that a properly instructed jury would have found the same facts as the court. *United States v. Hollingsworth*, 495 F.3d 795, 806 (7th Cir. 2007); *see Chapman v. California*, 386 U.S. 18, 24 (1967) (setting forth general standard for harmlessness of constitutional errors).

The error here was not harmless. A properly instructed jury would have considered "a range of circumstances," including timing, proximity of location, and the character and relationship of the offenses. *Wooden*, 595 U.S. at 369. No

"substantial gap[] in time" separated the two robberies; to the contrary, they appear to have been committed within minutes of each other. *Id.* Mr. Johnson's brief travel in his car between the two robberies was not a "significant intervening event[]." *Id.* The offenses did not occur in the same location, as in *Wooden*, but a 0.6-mile distance still suggests some "[p]roximity of location." *Id.* As for the "character and relationship of the offenses," although the victims of the two robberies were different and neither robbery facilitated the other one, the robberies seem to have "share[d] a common … purpose," and they were "accomplished by the same means." *Id.* at 369, 370. In sum, it is not clear beyond a reasonable doubt that a properly instructed jury would have found that Mr. Johnson's January 22, 2009 robberies were committed on different occasions.

### Conclusion

For the reasons stated, Mr. Johnson's sentence is vacated, and the case is remanded for further proceedings consistent with this opinion.

VACATED AND REMANDED