# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2072

_____

United States of America

*Plaintiff - Appellee*

v.

Harold William Melbie, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: January 17, 2014
Filed: May 1, 2014

_____

Before WOLLMAN, BYE, and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

A jury convicted Harold Melbie of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[1] found that prior convictions qualified Melbie as an armed career criminal and that the fifteen-year mandatory

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

minimum sentence of 18 U.S.C. § 924(e)(1) applied. Melbie appeals, arguing that the district court erroneously treated a prior drug conspiracy conviction and a prior possession-with-intent-to-deliver conviction as separate qualifying predicate offenses. Although the possession conviction was for conduct that occurred during the period of the conspiracy and was related to the object of the conspiracy, the possession offense was a discrete episode in a series of events. The district court, therefore, correctly determined that the two convictions were "committed on occasions different from one another" as required by § 924(e)(1). We affirm the judgment of the district court.[2]

I.    Background

The applicability of 18 U.S.C. § 924(e)(1) in the present case hinges on whether Melbie's prior conspiracy conviction and his prior possession conviction may be counted as two qualifying prior convictions or whether they must be treated as one.[3] The conspiracy conviction was a 1999 federal conviction. It appears that no party

_____

[2]Melbie also preserves the argument that Apprendi v. New Jersey, 530 U.S. 466 (2000), requires that a jury find the fact of each of his prior convictions beyond a reasonable doubt. Because such an argument is directly counter to the holding in Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998), we necessarily reject Melbie's argument.

[3]18 U.S.C. § 924(e)(1) applies if a defendant has three prior felony convictions for any combination of "violent felon[ies]" or "serious drug offense[s]." Melbie had two other potential qualifying felony convictions. One of these other convictions clearly qualified as a predicate conviction. The other was for an "overinclusive" state offense and would have required application of the modified categorical approach. See United States v. Dawn, 685 F.3d 790, 794–95 (8th Cir. 2012) (allowing a review of limited materials only for the purpose of determining which divisible subpart of a statute the defendant violated). The government concedes on appeal that it did not present the evidence necessary to apply the modified categorical approach. As such, the related conviction cannot be used as a § 924(e)(1) predicate conviction, and the outcome of this case necessarily turns on resolution of the issue described above.

objects to our review of materials from that case to determine the relevant time frames involved, and, in fact, Melbie directs our attention to such materials in his brief.[4] That conspiracy ran from October 15, 1995 through September 19, 1996, and involved the sale of 9.07 kilograms of methamphetamine. The possession conviction was a State of Iowa conviction and involved seven grams of methamphetamine on September 19, 1996. The 1999 PSR for the federal conspiracy conviction described the timing of events as follows:

> Melbie was arrested on September 19, 1996, following the execution of a search warrant at his residence. He was discovered to be in possession of approximately 7 grams of methamphetamine. He was sentenced [by the State of Iowa] on December 27, 1996 to a period of imprisonment not to exceed 10 years. His active involvement in the [federal conspiracy] organization ended at that point.

Later, Melbie entered into a plea agreement on the federal conspiracy charge and the government agreed that Melbie's offense conduct for the Iowa possession conviction was "related to the offense conduct for" the federal conspiracy charge. The government also agreed that Melbie's federal sentence for the conspiracy charge should run concurrently with Melbie's Iowa sentence.

---

[4]Because Melbie directs us to these materials and the government does not object to our reliance on these materials, we conclude that both parties have waived any objections they may have harbored regarding our court looking beyond the facts of conviction to analyze the underlying details of Melbie's prior offenses. We note that, unlike a typical review of materials pursuant to Shepard v. United States, 544 U.S. 13, 26 (2005), we do not review these materials to determine whether the underlying offense is a "violent felony" or "serious drug offense," rather, we review the materials solely to address the question of separateness. We also note that all facts we rely upon are undisputed on appeal.

The district court in the present case determined that the possession and conspiracy convictions counted as two qualifying prior felony convictions and sentenced Melbie accordingly.

II.    Discussion

18 U.S.C. § 924(e)(1) contains a separateness requirement that demands predict felonies be "committed on occasions different from one another."  We review de novo the district court's interpretation of this statutory language and the determination of "whether a prior conviction is a predicate offense" under § 924(e)(1).  United States v. Van, 543 F.3d 963, 966 (8th Cir. 2008).  In Van, our court relied on authority under similar provisions, 21 U.S.C. §§ 851 and 841(b), to address the separateness of prior offenses under § 924(e).  Id.  (interpreting United States v. Johnston, 220 F.3d 857, 861–62 (8th Cir. 2000)); see also United States v. Tate, 633 F.3d 624, 632–33 (8th Cir. 2011) (applying Van and holding that § 924(e) applied, even though the defendant's relevant prior convictions were sufficiently related to serve as a "pattern of illegal activity" for racketeering purposes).  In addressing the applicability of § 924(e) to Melbie, then, we also look to authority under these other recidivist provisions.

In United States v. Gray, 152 F.3d 816 (8th Cir. 1998), we addressed the question of whether two prior convictions for two separate controlled buys to the same confidential informant on two sequential days counted as one or two predicate felony convictions.  Id. at 821–22.  There we described the material inquiry as whether the prior convictions were for "separate criminal episodes."  Id. at 821.  We stated that a separate criminal episode could be "an incident that is part of a series, but forms a separate unit within the whole."  Id. at 822.  We also stated that, "[a]lthough related to the entire course of events, an episode is a punctuated occurrence with a limited

-4-

duration." Id. We held that the sales on sequential days qualified as separate criminal episodes. Id. Gray did not involve a conspiracy offense as a prior conviction.

Later, in United States v. Johnston, 220 F.3d 857 (8th Cir. 2000), we applied Gray to assess the separateness of a prior conspiracy conviction and a prior possession-with-intent-to-distribute conviction. Id. at 861–62. In Johnston, the government asserted that the prior conspiracy conviction and the prior possession conviction counted as separate qualifying prior convictions under 21 U.S.C. §§ 841(b) and 851. Id. at 860. It was undisputed that the conduct underlying the earlier possession conviction in that case occurred as part of the conspiracy. We concluded that "[t]he conduct which resulted in the [possession] conviction was an incident that [was] part of a series. Although related to the entire course of events in the ongoing conspiracy . . . the . . . possession charge formed a separate unit within the whole." Id. at 862 (internal citations and quotation marks omitted). In Johnston, then, we did not treat as dispositive the overlapping time frames of the ongoing conspiracy and possession offenses. Rather, we focused upon the nature of the conduct for the possession offense which was a "'punctuated occurrence with a limited duration.'" Id. (quoting Gray, 152 F.3d at 822).

Because our court later relied upon Johnston when interpreting § 924(e), Van, 543 F.3d at 966, and because we find the facts of Johnston to be materially indistinguishable from the present case, we hold that Johnston controls. As such, we must adhere to its application of Gray to the present situation involving an underlying conspiracy conviction that overlaps with a separate conviction for conduct that occurred as a punctuated event within that conspiracy.

Melbie argues that a different case, United States v. Willoughby, 653 F.3d 738 (8th Cir. 2011), controls and leads to the opposite result. In Willoughby we reviewed cases interpreting the language "committed on occasions different from one another" and concluded that "[o]ur court has considered at least three factors . . . in deciding

whether offenses are sufficiently separate and distinct to serve as individual predicate convictions for [the § 924(e)(1)] enhancement." Id. at 742. We identified those factors as: "(1) the time lapse between offenses, (2) the physical distance between their occurrence, and (3) their lack of overall substantive continuity." Id. at 743. Melbie argues that because his earlier possession offense indisputably related to the conspiracy and took place during the conspiracy, there was no "time lapse" between the offenses and the offenses shared a good deal of "overall substantive continuity." Id.

Willoughby, like Gray itself, did not involve an underlying conspiracy conviction and a related conviction as the two allegedly qualifying predicate convictions. In fact, the ongoing nature and often extended time frames involved with conspiracy offenses make the Willoughby factor, "time lapse between offenses," a somewhat awkward fit for analysis in the conspiracy context. Johnston demonstrates that for application to a conspiracy and a related offense, the "punctuated" nature and limited duration of the related offense rather than the absence of a "time lapse" defines whether the offense is sufficiently distinct for the purpose of applying § 924(e)(1). Further, we note that Johnston preceded Willoughby by ten years, and Willoughby's synthesis of cases and identification of relevant factors does not displace the authoritative nature of Johnston as applied in the context of an earlier conspiracy.

Melbie also argues that a factual distinction exists between the facts of his case and the facts of Johnston. Specifically, in his own case, the possession offense was his final act of involvement with the conspiracy. In Johnston, in contrast, the conspiracy spanned time both before and after the "punctuated" possession offense of "limited duration." We find this distinction immaterial. Melbie's participation in the conspiracy spanned a period of over eleven months, and his possession offense was a "punctuated" event of "limited duration" within that time. It was one event in a series of events, and nothing about Johnston suggests that its holding only finds application where the punctuated criminal act is something other than the conspirator's

final act.  See Gray, 152 F.3d at 822 (describing a separate occurrence as conduct that is a separate event but that may be "part of a series" of actions).  Simply put, Johnston and Gray do not suggest that a different rule should apply based upon whether the punctuated event is the first event, a middle event, or the last event in the series of events.

III.    Conclusion

We affirm the judgment of the district court.

_____