United States Court of Appeals

For the Eighth Circuit

_____

No. 18-1984
_____

Alexander Faulkner

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota- Minneapolis

_____

Submitted: March 14, 2019
Filed: June 7, 2019

_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

Alexander Faulkner appeals the district court's[1] denial of his motion to vacate his sentence under 28 U.S.C. § 2255, arguing his prior conviction for Indiana

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

burglary did not justify a sentence enhancement under the Armed Career Criminal Act ("ACCA"). We affirm.

## I. Background

Faulkner was convicted in 2015 of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The district court imposed an enhanced sentence of 280 months of imprisonment after finding Faulkner had previously been convicted of four qualifying predicate offenses under the ACCA: a 1982 attempted burglary in Illinois, a 1984 burglary in Indiana, and two 1996 federal drug crimes. On direct appeal, Faulkner challenged the district court's reliance on three of his four predicate convictions in imposing the enhancement — all but his 1984 Indiana burglary conviction. *United States v. Faulkner*, 826 F.3d 1139, 1147–49 (8th Cir. 2016). During the appeal, the government conceded the 1982 Illinois burglary conviction no longer qualified under Supreme Court precedent. *Id*. at 1147 (citing *Johnson v. United States*, 135 S. Ct. 2551 (2015)). But we agreed with the government that Faulkner's previous federal drug convictions were two separate offenses and, combined with his unchallenged 1984 Indiana burglary conviction, still justified the enhancement for having three qualifying offenses under 18 U.S.C. § 924(e). *Id*. at 1149. We therefore affirmed the sentence. *Id*.

Faulkner then filed a motion in 2017 to vacate his sentence under 28 U.S.C. § 2255, challenging for the first time the district court's reliance on his 1984 Indiana burglary conviction when imposing his sentence. The district court denied the motion and concluded Faulkner's challenge was procedurally defaulted because he failed to raise it at trial or on direct appeal. The district court thus found the claim not cognizable unless it fit a miscarriage-of-justice exception. The district court then considered Faulkner's merits arguments and determined, in relevant part, Faulkner's Indiana burglary offense was not broader than the generic offense in light of a recent Seventh Circuit decision rejecting an identical argument in a different case. *See*

*United States v. Perry*, 862 F.3d 620 (7th Cir. 2017). The district court granted a certificate of appealability, and Faulkner now appeals the denial of his § 2255 motion.

## II. Discussion

We need not address whether Faulkner's argument regarding his 1984 burglary conviction is defaulted because we agree with the district court on the merits. If a defendant convicted of being a felon in possession of a firearm or ammunition under 18 U.S.C. § 922(g)(1) has at least three previous convictions for a "violent felony" or serious drug offense, "the ACCA increases the range of possible sentences" from a maximum of ten years in prison "to a mandatory minimum of fifteen years." *United States v. Naylor*, 887 F.3d 397, 399 (8th Cir. 2018) (en banc) (citing 18 U.S.C. § 924(a)(2), (e)(1)). The ACCA expressly defines "violent felony" to include "burglary." 18 U.S.C. § 924(e)(2)(B)(ii). But Faulkner's Indiana burglary conviction counts as ACCA "burglary" only if the *elements* of this state offense are no broader than (*i.e.*, cover no more conduct than) the elements of the "generic offense." *Naylor*, 887 F.3d at 399 (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2247 (2016)). Because neither party disputes Indiana's burglary statute in 1984 "sets out a single (or 'indivisible') set of elements to define a single crime," we apply the categorical approach and "simply compare the [state] statute's elements to those of generic burglary to see if they match." *Id*. at 400 (quoting *Mathis*, 136 S. Ct. at 2248).

"This court reviews de novo the district court's determination that a defendant's prior conviction constitutes a violent felony under the ACCA." *Id*. at 400 (quoting *United States v. Walker*, 840 F.3d 477, 489 (8th Cir. 2016)).

As the Seventh Circuit has observed, the definition of Indiana burglary "is nearly identical to that of 'generic' burglary." *Perry*, 862 F.3d at 622. "Indiana law defines burglary as 'break[ing] and enter[ing] the building or structure of another person, with intent to commit a felony or theft in it.'" *Id*. (alteration in original)

-3-

(quoting Ind. Code § 35–43–2–1).[2]  And the Supreme Court has defined generic burglary as "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime."  *Taylor v. United States*, 495 U.S. 575, 598 (1990).  This parity comes as little surprise since the Supreme Court relied for its definition on "the generic sense in which the term is now used in the criminal codes of most States."  *Id*.

We disagree with Faulkner's argument that Indiana burglary is nonetheless broader than the generic offense simply because the Indiana Supreme Court has construed "structure" in the state statute to include even outdoor, fenced-in areas.  *See McCovens v. State*, 539 N.E.2d 26, 29 (Ind. 1989) (applying state burglary statute to fenced-in area surrounding a business); *Gray v. State*, 797 N.E.2d 333, 336 (Ind. Ct. App. 2003) (applying the statute to fenced-in car lot at an auto-repair shop).  *But see Calhoon v. State*, 842 N.E.2d 432, 435 (Ind. Ct. App. 2006) (refusing to apply the statute to area only partially enclosed by a fence).  The Seventh Circuit's recent decision in *Perry* rejected an identical argument.  *See Perry*, 862 F.3d at 622–24 (holding because Indiana courts have applied the state burglary statute to breaking and entering into *wholly-enclosed* fenced-in areas and not curtilage, vehicles, or other movable conveyances, Indiana burglary is no broader than the generic offense).  We agree with the Seventh Circuit for the reasons discussed in its well-reasoned opinion.  *See id*.

Faulkner argues the Seventh Circuit failed to conduct a "close analysis" of Supreme Court precedent allegedly clarifying that "structure" in the generic offense means only "something very akin to a building."  It is true the Supreme Court has

---

[2]Indiana's current burglary statute is materially identical to the 1984 version, which provided "[a] person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary."  Ind. Code § 35–43–2–1 (1982).  Therefore, the Seventh Circuit's reasoning in *Perry* is equally applicable here.

recognized Congress included burglary as an ACCA predicate offense because "[t]he fact that an offender enters a *building* to commit a crime often creates the possibility of a violent confrontation between the offender and" another person. *Taylor*, 495 U.S. at 588 (emphasis added). The Supreme Court has also said the generic meaning of burglary is "practically identical" to an earlier version of the ACCA expressly defining burglary to include entering only into a *building*.[3] *Id*. at 598. Finally, the Supreme Court has observed generic burglary "approximates" the Model Penal Code's contemporaneous definition of burglary: *i.e.*, "enter[ing] a *building* or *occupied* structure, or separately secured or occupied portion thereof, with [the] purpose to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter." *Id*. at 598 n.8 (emphasis added) (quoting Model Penal Code § 221.1 (Am. Law Inst. 1980)).

However, it is clear generic burglary extends to structures beyond those "akin to" buildings. In *United States v. Stitt*, the Supreme Court held state statutes prohibiting burglary of *vehicles* customarily used or adapted for "overnight accommodation of persons" are no broader than the generic offense. 139 S. Ct. 399, 404 (2018) (quoting Ark. Code Ann. § 5–39–101(1) and Tenn. Code Ann. § 39–14–401(1)(A), (B)). The Supreme Court reasoned that a majority of state statutes in 1986 defined burglary to cover vehicles adapted for lodging — including some defining "structure" to include such vehicles. *Id*. at 406. *Stitt* confirms the generic offense is broad enough to cover burglary of "structures" not "akin to" buildings.

---

[3]Congress enacted the ACCA in 1984 and expressly defined burglary to mean "any felony consisting of entering or remaining surreptitiously within a *building* that is property of another with intent to engage in conduct constituting a Federal or State offense." *Taylor*, 495 U.S. at 581 (emphasis added) (quoting 18 U.S.C. § 1202(c)(9) (1984)). Congress deleted this definition in a 1986 amendment. *Id*. at 598.

Furthermore, *Stitt*'s holding does not define the outer limits of the generic offense. In both *Taylor* and *Stitt*, the Supreme Court noted, on the one hand, ACCA burglary is not limited to "especially dangerous" burglaries of the kind which occur in "dwellings," otherwise Congress would not have *separately* included an enhancement for "*any* crime that 'involves conduct that presents a serious potential risk of physical injury to another'" (*i.e.*, crimes within the since-invalidated residual clause). *Taylor*, 495 U.S. at 597 (quoting 18 U.S.C. § 924(e)(2)(B)(ii)); *Stitt*, 139 S. Ct. at 405; *see Johnson*, 135 S. Ct. at 2563 (invalidating the residual clause as unconstitutionally vague). On the other hand, ACCA burglary still involves an "inherent potential for harm to persons" given, in part, "the possibility of a violent confrontation between the offender . . . [and] some other person *who comes to investigate*." *Taylor*, 495 U.S. at 588 (emphasis added); *Stitt*, 139 S. Ct. at 406. Additionally, the Model Penal Code's contemporaneous definition of burglary further defines "occupied structure" to include any place adapted "for carrying on business therein, whether or not a person is actually present." Model Penal Code § 221.0(1) (Am. Law. Inst. 1980). In light of this framework, we see no reason to reject the Seventh Circuit's conclusion Indiana burglary is within the generic offense.[4]

### III. Conclusion

We affirm the judgment of the district court.

_____

[4]Faulkner argues Indiana's burglary statute is still too broad because it would cover even breaking and entering onto a golf course surrounded by a fence designed merely to keep out nonpaying members. But Faulkner points to no Indiana cases holding as much. And in order to find a state burglary statute broader than the generic offense, there must be "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of [the] crime." *United States v. Lamb*, 847 F.3d 928, 933 (8th Cir. 2017) (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)).