# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2234
_____

United States of America

*Plaintiff - Appellee*

v.

Christopher Stowell

*Defendant - Appellant*

------------------------------

Eighth Circuit Federal Public Defender Offices

*Amicus on Behalf of Appellant(s)*
_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith
_____

Submitted: April 11, 2023
Filed: September 22, 2023
_____

Before SMITH, Chief Judge, LOKEN, COLLOTON, GRUENDER, BENTON, SHEPHERD, KELLY, ERICKSON, GRASZ, STRAS, and KOBES, Circuit Judges, En Banc.
_____

KOBES, Circuit Judge.

After Christopher Stowell pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2), the district court[1] designated him an armed career criminal and sentenced him to 180 months in prison. Stowell appealed, arguing that his predicate offenses were not committed on different occasions, a requirement for the armed career criminal sentencing enhancement. 18 U.S.C. § 924(e)(1). Alternatively, Stowell argued that the Sixth Amendment required a jury to find that he committed his predicate offenses on different occasions. Sitting en banc, we affirm Stowell's sentence.

Stowell first challenges the district court's determination that he committed his prior offenses on different occasions, which we review *de novo*. *United States v. Humphrey*, 759 F.3d 909, 911 (8th Cir. 2014).

The Armed Career Criminal Act (ACCA) requires a minimum fifteen-year prison sentence for people who violate 18 U.S.C. § 922(g) and have "three previous convictions . . . for a violent felony or a serious drug offense . . . committed on occasions different from one another." 18 U.S.C. § 924(e)(1). In *Wooden v. United States*, the Supreme Court explained how courts should determine whether a defendant's prior convictions were committed on different occasions. 142 S. Ct. 1063, 1070 (2022). It observed that "a range of circumstances may be relevant to identifying episodes of criminal activity," including timing, proximity, and the character and relationship of the offenses. *Id.* at 1071. The Court also stated that "[i]n many cases, a single factor—especially of time or place—can decisively differentiate occasions." *Id.*

Stowell's PSR shows a 2004 burglary conviction and two 2006 battery convictions. According to charging documents, the battery offenses involved different victims and occurred on different days, one on or about March 8 and the other on or about March 11. Stowell argues that the 2006 convictions were

---

[1]The Honorable P.K. Holmes, III, United States District Judge for the Western District of Arkansas.

committed on the same occasion because he was arrested and convicted on the same dates for both offenses. We disagree.

The multi-day gap separating the battery offenses strongly supports a finding that Stowell committed them on different occasions. *See id.* (explaining that courts "have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart"); *see, e.g.*, *United States v. Richardson*, 60 F.4th 397, 399 (7th Cir. 2023) (36 hours); *United States v. McCall*, No. 18-15229, 2023 WL 2128304, at *6 (11th Cir. Feb. 21, 2023) (per curiam) (two days), *petition for cert. filed*, No. 22-7630 (U.S. May 22, 2023); *United States v. Dudley*, No. 22-4037, 2023 WL 2597601, at *1 (4th Cir. Mar. 22, 2023) (per curiam) (three days). Also, each battery offense involved a different victim, further supporting a finding that the offenses were unrelated. *Cf. United States v. Bragg*, 44 F.4th 1067, 1079 (8th Cir. 2022) (holding that robberies were committed on different occasions where the defendant robbed two victims two days apart and where different police departments investigated the incidents), *cert. denied*, 143 S. Ct. 1062 (2023). All things considered, the district court did not err when it concluded that Stowell committed his prior offenses on different occasions.

Alternatively, Stowell argues that the Sixth Amendment required a jury to decide whether the offenses were committed on different occasions. *See Alleyne v. United States*, 570 U.S. 99, 103 (2013) (noting that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt"). Whatever our views are on any Sixth Amendment error, we conclude that it was harmless beyond a reasonable doubt. *See United States v. Red Elk*, 426 F.3d 948, 950 (8th Cir. 2005) (reviewing a Sixth Amendment error at sentencing for harmlessness beyond a reasonable doubt).

An error is not harmless if it affects the defendant's "substantial rights." Fed. R. Crim. P. 52(a). An alleged error does not affect substantial rights if there is no reasonable possibility that it contributed to the sentence. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Chapman v. California*, 386 U.S. 18, 24 (1967). Simply

put, no reasonable juror could find that Stowell committed his offenses on the same occasion, considering they occurred days apart and involved different victims.

The dissent accuses us of overlooking the other factors in *Wooden*'s analysis and asserts that there are conceivable "factual permutations" where the "relationship between [Stowell's] victims" and the "similar or intertwined" nature of his conduct could squeeze two batteries with a "three-day gap" and "different victims" into one occasion. But *Wooden* says that a single factor is often determinative and observes that courts "nearly always treat[] offenses as occurring on separate occasions if a person committed them a day or more apart." 142 S. Ct. at 1071. No matter how similar or related Stowell's attacks were, no "ordinary person" would say that someone battered two people three days apart on one occasion. *See id.* at 1069. On this record,[2] the Government has shown beyond a reasonable doubt that submitting the "different occasions" issue to a jury would not have affected the outcome.

For these reasons, we affirm Stowell's sentence.

---

[2]The dissent argues that we cannot conduct a harmlessness analysis because there is no "admissible evidence" in the record about Stowell's battery offenses. But the dissent acknowledges that the PSR says that he committed his offenses three days apart against different victims. Stowell did not challenge those facts at sentencing. He objected only that the district court could not rely on them because he did not necessarily admit them by pleading guilty to the offenses. By failing to dispute their accuracy, he has admitted them. *See United States v. Pepper*, 747 F.3d 520, 524 (8th Cir. 2014) (holding that the district court could rely on facts in the PSR because the defendant's objection that he "did not admit the facts" when pleading guilty did "not imply that those facts are untrue"). So we can use them as the factual basis of our harmlessness analysis. *Cf. United States v. Menteer*, 408 F.3d 445, 446–47 (8th Cir. 2005) (per curiam) (holding that there is no Sixth Amendment problem when the district court's ACCA determination is based on the defendant's admissions of fact by failing to dispute them in the PSR); *United States v. Halter*, 411 F.3d 949, 951 (8th Cir. 2005) (per curiam) ("By not objecting to the PSR's statement that the firearm was stolen, Halter admitted that it was stolen, so the two-level enhancement he received on the basis of the stolen nature of the firearm did not violate his Sixth Amendment rights.").

-4-

ERICKSON, Circuit Judge, with whom KELLY, Circuit Judge, joins, dissenting, and GRASZ, Circuit Judge, and STRAS, Circuit Judge, join in Part B of the dissent.

A. Wooden

The majority's brief recitation of the import of the Supreme Court's decision in Wooden rushes past the substance of the guidance provided to lower courts when determining whether predicate offenses were committed on different occasions. The majority views this as an easy case with a foregone conclusion dictated by the PSR and charging documents—which on their face merely show a three-day gap between the battery offenses and identify two different victims—but reasonable factfinders employing the "multi-factored" balancing test laid out by the Wooden Court could reach a different conclusion when all the facts are before the sentencing court.

Simply stated, Wooden does not eliminate the need for a thorough fact-intensive inquiry, nor the requirement that the determination be made based on admissible evidence. Stowell objected to the PSR's determination that he had three qualifying predicate offenses. The district court relied only on the dates of the battery offenses as identified in the PSR, explaining that a review of the criminal history shows the offenses occurred on separate dates. Tellingly, the majority isolates two factors the Supreme Court identified in Wooden and does not address whether the two purported predicate offenses at issue might have been part of an episode of criminal activity. There is no attention given to the short timeframe in which the offenses were committed, any possible relationship between the victims, and/or the "similar or intertwined" nature of the conduct—all relevant considerations the Supreme Court directed lower courts to examine.

We have consistently held that when the district court has not decided a fact-intensive issue, remand is appropriate for the district court to consider the issue in the first instance. See, e.g., United States v. Flute, 929 F.3d 584, 590 (8th Cir. 2019) (reinstating indictment against defendant and remanding for the district court to consider the defendant's as-applied due process challenge); United States v.

-5-

McMillan, 863 F.3d 1053, 1059 (8th Cir. 2017) (remanding for the district court to determine in the first instance whether the defendant's prior conviction qualifies as a "crime of violence" under the residual clause and, if so, consideration of the proposed amendment to the applicable sentencing guideline); United States v. Rodriguez, 834 F.3d 937, 943 (8th Cir. 2016) (determining that even if there is some support for the government's position, remand is appropriate because it is the function of the district court rather than an appellate court to determine the facts); Hohn v. United States, 193 F.3d 921, 924 (8th Cir. 1999) (remanding case to permit the district court in the first instance to engage in a fact-bound analysis of whether the petitioner is factually innocent of carrying a firearm during or in relation to a drug trafficking offense in light of the Supreme Court's decision in Bailey v. United States, 516 U.S. 137, 143-44 (1995)).

Complying with the Supreme Court's direction to utilize a holistic approach that goes beyond precise timing of the predicate offenses, as the district court did here, is critically important given the statute contains little guidance and reasonable doubts about its application in individual cases have frequently arisen with courts utilizing varying approaches. The Wooden Court reiterated the statutory prerequisites for a defendant to qualify as an ACCA offender as "*both* a three-offense requirement *and* a three-occasion requirement." 142 S. Ct. at 1070. This is because the enhanced penalties were intended to "target[] a particular subset of offenders," specifically "those who have repeatedly committed violent crimes." Id. at 1074 (quotation and citation omitted). The PSR lists three offenses. Whether the offenses satisfy the three-occasion requirement must be determined based on admissible evidence, a developed factual record, and application of Wooden's "multi-factor" balancing test. The district court's cursory decision, and the majority's analysis, fails to satisfy these requirements.

"Under our rule of law, punishments should never be products of judicial conjecture about this factor or that one." Id. at 1087 (Gorsuch, J., concurring). Regardless of what we anticipate the result might be, it is not for an appellate court to decide in the first instance whether Wooden's multi-factored approach alters the

district court's initial ACCA determination in Stowell's case—especially on such a limited record with unanswered questions as to a number of relevant considerations. See United States v. Williams, No. 19-2235, 2022 WL 1510779, *1 (8th Cir. May 13, 2022) (unpublished) (per curiam) (remanding to the district court in light of Wooden for a new factual determination on the issue of whether the defendant had three prior convictions committed on different occasions). Because of the differing factual permutations that can be conceived on this limited record and that remain unresolved until the record is developed, resolution of Stowell's objection to the § 924(e) enhancement is for the sentencing court to decide in the first instance.

B. Sixth Amendment

The Supreme Court declined to resolve Stowell's other argument of whether the Sixth Amendment requires a jury, rather than a judge, to determine if prior crimes occurred on a single occasion. Wooden, 142 S. Ct. at 1068 n.3. The majority bypasses this issue too and concludes that because the offenses supposedly occurred days apart and involved different victims, there is no reversible error because no reasonable juror would have found Stowell committed the offenses on the same occasion. Stowell's Sixth Amendment claim implicates an important constitutional issue that we hope the Supreme Court will soon resolve. In the meantime, because the issue is one of "exceptional importance," we think it is properly before the en banc court. See Fed. R. App. P. 35(a)(2) (providing that rehearing en banc may be ordered when a majority of active circuit judges determine "the proceeding involves a question of exceptional importance").

Pre-Wooden, circuit courts, including this Court, routinely rejected a defendant's claim that it was a violation of the Sixth Amendment to permit sentencing judges to determine whether prior convictions were committed on different occasion from one another for purposes of the ACCA. See United States v. Dunn, __ F.4th __, 2023 WL 5065149, *4 (8th Cir. Aug. 9, 2023) (reiterating this Court's existing circuit precedent); United States v. Dudley, 5 F.4th 1249, 1260 (11th Cir. 2021) (collecting cases). After Wooden, the government has agreed with

-7-

defendants that <u>Wooden</u> alters appellate courts' existing precedent and the different-occasions determination should be made by a jury. See <u>United States v. Erlinger</u>, __ F.4th __, 2023 WL 5112012, *3 (7th Cir. Aug. 10, 2023) (recounting the defendant's and government's "insist[ence] that the inquiry in <u>Wooden</u> must be conducted by a jury because it requires proof of non-elemental facts about a defendant's prior conviction"); <u>United States v. Campbell</u>, __ F.4th __, 2023 WL 5124819, *3 (6th Cir. Aug. 10, 2023) (noting the United States "likewise 'agrees that a jury should find (or a defendant should admit) that ACCA predicates were committed on occasions different from one other'"); <u>United States v. Mason</u>, No. 1:21-cr-1062-JDB-1, 2023 WL 3184571, *1 (W.D. Tenn. May 1, 2023) (stating the government's position, joined by the defendant, is that because "the Sixth Amendment prohibits a sentencing judge from finding 'non-elemental facts' concerning a prior conviction, the occasions-different inquiry must be resolved by a jury or admitted by the defendant"); <u>United States v. Johnson</u>, Case No. 1:20-cr-00060-TWP-TAB, 2023 WL 2954734, *3 (S.D. Ind. Apr. 14, 2023) (noting the government, relying on <u>Alleyne v. United States</u>, 570 U.S. 99 (2013) and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), argues "the Sixth Amendment requires that a jury make the separate occasion determination"); <u>see also</u> <u>United States v. Brown</u>, __ F.4th __, 2023 WL 5089680, *1 (4th Cir. Aug. 9, 2023) (statement of Heytens, J., joined by Diaz, C.J., Agee, J., Harris, J., Richardson, J., Rushing, J., and Benjamin, J., from the order denying petition for rehearing en banc) ("[B]oth sides agree this Court's existing precedent—and that of every other court of appeals—is wrong.").

The problem with the majority's approach here is that it sidesteps the important constitutional question and reaches a conclusion by assuming facts the jury would have no way of knowing. The only support in the record for the majority's assertions about when Stowell committed the battery offenses is his PSR and the original charging documents. Neither would be before a jury. See <u>United States v. Wise</u>, 976 F.2d 393, 404 (8th Cir. 1992) (en banc) (recognizing that, even at sentencing, a "presentence report is not evidence and is not a legally sufficient basis for making findings on contested issues of material fact" (citation omitted)); Fed. R. Evid. 801(c), 802 (defining and excluding hearsay evidence); <u>cf.</u> <u>United</u>

States v. Taylor, 462 F.3d 1023, 1026 (8th Cir. 2006) (explaining that a police report "contained unreliable double hearsay"). In other words, there is no admissible evidence on which a jury could find the batteries occurred "on occasions different from one another," 18 U.S.C. § 924(e)(1).

The lack of evidence is key for two reasons. One, the different-occasions inquiry is not a legal question but a disputed factual determination that is typically "inherently suitable for a jury's deliberation." United States v. Hines, No. 2:22-CR-00025-1-JRG-CRW, 2023 WL 4053013, *2 (E.D. Tenn. June 16, 2023). And two, if there is a Sixth Amendment violation, the government bears the burden of proving the error is harmless. See United States v. Red Elk, 426 F.3d 948, 950 (8th Cir. 2005). This would require the government to show that it is "clear beyond a reasonable doubt that a rational jury would have found" the missing element. Neder v. United States, 527 U.S. 1, 18 (1999). With no admissible evidence in the record, we can have no confidence about what a jury might have found. Cf. United States v. Anderson, 236 F.3d 427, 429–30 (8th Cir. 2001) (holding that an error was harmless because the evidence was so "overwhelming" that "no rational jury could have" failed to find the disputed fact).

With the issue squarely before us and no admissible evidence in the record to shed light on what a jury might have found, it seems to us there is no way to avoid resolving the question of whether letting judges make the different-occasions determination violates the Sixth Amendment. Post-Wooden, which directs the consideration of "non-elemental facts," it is more plain—and something the government has acknowledged in a number of cases—that a jury finding, or a defendant's admission, is mandated by the Sixth Amendment. See United States v. Perry, 908 F.3d 1126, 1134 (8th Cir. 2018) (Stras, J., concurring) ("A finding that [Stowell] committed his past crimes on different occasions exposes him to a longer sentence, so [a] jury should make the finding, not the court.").

_____