United States Court of Appeals

For the Eighth Circuit

_____

No. 24-1052
_____

United States of America

*Plaintiff - Appellee*

v.

Ortez Jones

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: July 29, 2024
Filed: August 1, 2024
[Unpublished]
_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.
_____

PER CURIAM.

Ortez Jones appeals the sentence the district court[1] imposed after he pleaded guilty to a firearm offense pursuant to a written plea agreement containing an appeal

_____

[1]The Honorable Matthew T. Schelp, United States District Judge for the Eastern District of Missouri.

waiver. His counsel has moved for leave to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967).

Upon careful review, we conclude that the appeal waiver is valid, applicable, and enforceable. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing de novo the validity and applicability of an appeal waiver). The record reflects that Jones entered into the plea agreement and appeal waiver knowingly and voluntarily, and enforcing the waiver will not result in a miscarriage of justice. *See United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing the enforceability of appeal waivers). Further, we have independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988). We note that, subsequent to briefing in this case, the United States Supreme Court decided *Erlinger v. United States*, 144 S. Ct. 1840 (2024), holding that a jury must determine if offenses were committed on separate occasions for purposes of an enhancement under the Armed Career Criminal Act (ACCA). However, Jones waived any argument under *Erlinger* when he withdrew his objection to the ACCA enhancement based on *United States v. Stowell*, 82 F.4th 607 (8th Cir. 2023). *See United States v. Washington*, 727 Fed. Appx. 779, 780 (4th Cir. 2018) (unpublished per curiam) (finding defendant waived any argument on whether his prior convictions were properly counted as separate offenses for purposes of ACCA enhancement, as he withdrew his objection to the issue at sentencing); *United States v. Rodriguez*, 311 F.3d 435, 436-37 (1st Cir. 2002) (finding that defendant waived his objection to the predicate offenses supporting his career offender status by withdrawing the objection at sentencing). Otherwise, we find no non-frivolous issues for appeal falling outside the scope of the appeal waiver.

Accordingly, we dismiss this appeal based on the appeal waiver, and we grant counsel's motion to withdraw.

_____