# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-1262
_____

United States of America

*Plaintiff - Appellee*

v.

Earl B. Penn

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: December 16, 2024
Filed: March 24, 2025
[Unpublished]

_____

Before SMITH, GRUENDER, and STRAS, Circuit Judges.

_____

PER CURIAM.

Earl Penn received a mandatory-minimum sentence of 180 months, *see* 18 U.S.C. § 924(e)(1), after a jury found him guilty of unlawfully possessing a firearm, *see id.* § 922(g)(1). On appeal, he argues that his conviction violates the Second Amendment and that a fact underlying his sentence should have been determined by

a jury, not the district court.[1]  Circuit precedent rules out relief on both points, so we affirm.  *See Mader v. United States*, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) ("It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." (citation omitted)).

I.

Under federal law, felons like Penn cannot possess firearms.  *See* 18 U.S.C. § 922(g)(1) (disarming those "who ha[ve] been convicted" of "a crime punishable by imprisonment for a term exceeding one year").  In two recent cases, we held that this prohibition is constitutional, regardless of the facts of the crime itself or the nature of the underlying felony.[2]  *See United States v. Cunningham*, 114 F.4th 671, 675 (8th Cir. 2024) (concluding that 18 U.S.C. § 922(g)(1) is facially constitutional); *United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024) (cutting off as-applied challenges to the statute).  To the extent Penn disagrees with either decision, his remedy lies with the en banc court, not with us.  *See Liberty Mut. Ins. Co. v. Elgin Warehouse & Equip.*, 4 F.3d 567, 571 (8th Cir. 1993) ("In this circuit only an en banc court may overrule a panel decision.").

---

[1]The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.

[2]Even if he could bring an as-applied challenge, *cf. United States v. Veasley*, 98 F.4th 906, 909 (8th Cir. 2024), it would not succeed.  His criminal record includes several convictions, some of them violent.  It is safe to say that Penn "pose[s] a credible threat to the physical safety of others."  *United States v. Rahimi*, 602 U.S. 680, 693 (2024); *see United States v. Jackson*, 85 F.4th 468, 470–72 (8th Cir. 2023) (Stras, J., dissenting from denial of reh'g en banc) (explaining that, based on Founding-era history, the government can strip "dangerous" individuals of their firearms).

## II.

His other challenge arises under the Sixth Amendment. In his view, the district court violated it by deciding whether his prior felony convictions were "committed on occasions different from one another," 18 U.S.C. § 924(e)(1), rather than submitting the question to a jury for determination. Under *Erlinger v. United States*, 602 U.S. 821 (2024), he is right. *See* U.S. Const. amend. VI. A jury must make the different-occasions finding "unanimously and beyond a reasonable doubt." *Erlinger*, 602 U.S. at 835.

Like most other constitutional errors, however, the government can demonstrate that any mistake was harmless beyond a reasonable doubt. *See United States v. Stowell*, 82 F.4th 607, 610 (8th Cir. 2023) (en banc). Here, the undisputed facts in the presentence investigation report, *see id.* at 610 n.2, show that Penn's prior crimes took place weeks apart and had no apparent connection with one another, *see Wooden v. United States*, 595 U.S. 360, 366, 369–70 (2022). The victims were different, and so were the places where the crimes occurred. *See id.* at 369–70. Based on these facts, no reasonable jury could have found that Penn committed them on the same occasion.[3] *See Stowell*, 82 F.4th at 610.

## III.

We accordingly affirm the judgment of the district court.

---

[3]Rather than dispute these facts, Penn insists that the statute itself is unconstitutional "because [it] *prohibits* the [different-occasions] issue from being submitted to a jury." It does nothing of the sort. Like other criminal statutes, it just lays out the elements, and the entitlement to a jury trial comes from the Sixth Amendment. *See Erlinger*, 602 U.S. at 835.

STRAS, Circuit Judge, concurring.

I still harbor doubts about the way the court deals with both issues. *See United States v. Jackson*, 121 F.4th 656, 656–57 (8th Cir. 2024) (Stras, J., dissenting from denial of reh'g en banc) ("[W]hat *Jackson* says about as-applied challenges conflicts with both [*United States v. Rahimi*, 602 U.S. 680 (2024), and *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022)]."); *United States v. Stowell*, 82 F.4th 607, 613 (8th Cir. 2023) (Erickson, J., joined by Kelly, Grasz, & Stras, JJ., dissenting) ("With no admissible evidence in the record, we can have no confidence about what a jury might have found."). But given that our opinion today is consistent with binding circuit precedent, I concur.

_____