# United States Court of Appeals

### For the Eighth Circuit

_____

No. 24-1010

_____

United States of America

*Plaintiff - Appellee*

v.

Rufus Adam Bowling

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: November 18, 2024
Filed: May 1, 2025

_____

Before COLLOTON, Chief Judge, BENTON and KELLY, Circuit Judges.

_____

COLLOTON, Chief Judge.

Rufus Bowling pleaded guilty in April 2022 to unlawful possession of a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). The district court[*] sentenced Bowling

_____

[*]The Honorable Leonard T. Strand, then Chief Judge, United States District Court for the Northern District of Iowa.

to a statutory minimum term of fifteen years' imprisonment under the Armed Career Criminal Act based on his criminal history.  *See id*. § 924(e)(1).

At sentencing, the district court determined that Bowling had sustained "three previous convictions . . . for a violent felony . . . committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  The court cited six convictions for burglary in Indiana state court—one conviction in 2015 for an offense committed in 2014, and five convictions in 1992.  The presentence report specified the offenses resulting in the 1992 convictions as follows:  (1) a burglary on December 4, 1990, at the residence of H.E.B.; (2) a burglary on December 17, 1990, at the residence of J.K.; (3) another burglary on December 17, 1990, at the residence of C.T.; (4) a burglary on March 19, 1991, at the residence of A.D.; and (5) a burglary on March 27, 1991, at the residence of V.F.

Bowling objected that the five burglaries for which he was convicted in 1992 were not committed on occasions different from one another, and that he thus had sustained only two qualifying prior convictions.  He also argued that a jury, not the judge, must decide whether the offenses occurred on different occasions.  Consistent with prevailing circuit precedent, the district court overruled the objection regarding a jury and then concluded that at least three of Bowling's burglary convictions were committed on different occasions.

On appeal, Bowling acknowledges that burglary under Indiana law is a violent felony.  *See Faulkner v. United States*, 926 F.3d 475, 478-79 (8th Cir. 2019).  He disputes, however, that any of the burglaries for which he was convicted in 1992 were committed on occasions different from one another.  On that basis, he maintains that the government showed only two previous convictions for violent felonies committed on different occasions, and that he was erroneously sentenced under § 924(e)(1). He further argues that the district court erred by deciding the different-occasions issue without a jury.

After Bowling's sentencing, the Supreme Court held in *Erlinger v. United States*, 602 U.S. 821 (2024), that the statute's different-occasions inquiry must be resolved by a jury if disputed. *Id*. at 835. The district court therefore erred by making the determination at sentencing.

Like most constitutional errors, however, the failure to submit a sentencing factor to a jury is subject to harmless-error analysis. *Washington v. Recuenco*, 548 U.S. 212, 218, 222 (2006); *see Erlinger*, 602 U.S. at 849-50 (Roberts, C.J., concurring). The judgment may be affirmed if the government shows that the error was harmless beyond a reasonable doubt. *Neder v. United States*, 527 U.S. 1, 18 (1999). This court in *United States v. Stowell*, 82 F.4th 607 (8th Cir. 2023) (en banc), assumed the precise error at issue here and concluded that it was harmless beyond a reasonable doubt because no reasonable jury could have found that the defendant's violent felony offenses were committed on the same occasion. *Id*. at 610-11.

Whether previous offenses were committed on different occasions depends on factors like "timing, proximity, and the character and relationship of the offenses." *Id*. at 609. "In many cases, a single factor—especially of time or place—can decisively differentiate occasions." *Wooden v. United States*, 595 U.S. 360, 369-70 (2022). Courts "have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart." *Id*. at 370.

The record here shows that no reasonable jury could have found that Bowling sustained fewer than three convictions for violent felonies that were committed on occasions different from one another. Bowling did not object to the factual recitation in the presentence report about his convictions, so the facts are admitted and may be considered as true. *Stowell*, 82 F.4th at 610 n.2. Bowling committed four burglaries against different victims in different locations on different dates, with at least a week separating each offense—December 4, 1990; March 19, 1991; March 27, 1991; and February 16, 2014. There is no plausible argument that three of these four burglaries

were committed on the same occasion. The district court's error in failing to submit the issue to a jury is therefore harmless beyond a reasonable doubt.

The judgment of the district court is affirmed.

KELLY, Circuit Judge, concurring.

I agree that this case's outcome is dictated by our decision in *United States v. Stowell*, 82 F.4th 607 (8th Cir. 2023) (en banc). However, I remain of the view that we cannot simply rely on a presentence report's unchallenged facts when assessing harmlessness in these circumstances. *See id.* at 612-14 (Erickson, J., dissenting). A defendant's decision not to challenge certain facts contained in a presentence report says nothing about whether evidence of those same facts would be admissible at a trial. The government bears the burden of proving harmlessness beyond a reasonable doubt, yet it has failed to explain what evidence it would permissibly submit to a jury on the factors outlined in *Wooden v. United States*, 595 U.S. 360, 369 (2022), instead relying entirely on information contained in the presentence report. This leaves us "[w]ith . . . no confidence about what a jury might have found." *Stowell*, 82 F.4th at 613 (Erickson, J., dissenting). Absent binding precedent to the contrary, I would conclude that this error was not harmless. *See Neder v. United States*, 527 U.S. 1, 18 (1999) (noting it must be "clear beyond a reasonable doubt that a rational jury would have" come to the same finding).

_____