# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3085

_____

United States of America

*Plaintiff - Appellee*

v.

Samson Diamonte Xavior-Smith

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: April 16, 2025
Filed: May 19, 2025
[Published]

_____

Before SMITH, KELLY, and KOBES, Circuit Judges.

_____

PER CURIAM.

After a jury convicted Samson Diamonte Xavior-Smith of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), the district court[1] found that he was

---

[1]The Honorable Nancy E. Brasel, United States District Judge for the District of Minnesota.

an armed career criminal and sentenced him to the 15-year statutory minimum, 18 U.S.C. § 924(e)(1). Smith challenges this determination, and we affirm.

The Armed Career Criminal Act (ACCA) mandates a 15-year minimum prison sentence for felons in possession of a firearm who have three or more previous convictions for violent felonies "committed on occasions different from one another." § 924(e)(1). After Smith was sentenced, the Supreme Court held that a jury must resolve the "ACCA's occasions inquiry unanimously and beyond a reasonable doubt." Erlinger v. United States, 602 U.S. 821, 835 (2024). Before Erlinger, we had held that "it was harmless beyond a reasonable doubt" for the district court to have sentenced a defendant as an armed career criminal when his predicate felonies "occurred days apart and involved different victims." United States v. Stowell, 82 F.4th 607, 610 (8th Cir. 2023) (en banc). This harmless error review survives Erlinger. See Erlinger, 602 U.S. at 849–50 (Roberts, C.J., concurring); United States v. Saunders, No. 23-6735-cr, 2024 WL 4533359, at *2 (2d Cir. Oct. 21, 2024); United States v. Butler, 122 F.4th 584, 589 (5th Cir. 2024); United States v. Campbell, 122 F.4th 624, 631 (6th Cir. 2024); United States v. Johnson, 114 F.4th 913, 917 (7th Cir. 2024); United States v. Rivers, --- F.4th ---, 2025 WL 1199419, *7 (11th Cir. Apr. 25, 2025).

Smith argues that the Government failed to show that it was harmless beyond a reasonable doubt for the district court to have decided he committed three predicate felonies on occasions different from one another. Smith stipulated at trial to having committed one felony punishable by more than one year of imprisonment. At sentencing, the Government admitted the criminal complaints, register of actions, plea petitions, and sentencing orders for Smith's three previous state convictions listed in his presentence report. Smith did not object, so "we can use them as the factual basis of our harmlessness analysis." Stowell, 82 F.4th at 610 n.2; see also Campbell, 122 F.4th at 632–33 (citing Greer v. United States, 593 U.S. 503, 510–11 (2021)). These documents show that Smith committed three different substantive offenses against "different victims" months apart. Stowell, 82 F.4th at 610. There were even intervening arrests between each of the offenses. See id. at 609 (being

-2-

"arrested and convicted on the same dates" for multiple offenses does not mean defendant "committed them on different occasions"). "Simply put, no reasonable juror could find that [Smith] committed his offenses on the same occasion." Id. at 610.

　　　Affirmed.

KELLY, Circuit Judge, concurring.

　　　I continue to have concerns about relying on unchallenged facts at sentencing—including facts contained in documents of the sort admitted at Xavior-Smith's sentencing hearing—to decide whether a district court's occasion determination was harmless. See United States v. Bowling, No. 24-1010, 2025 WL 1258746, at *2 (8th Cir. May 1, 2025) (Kelly, J., concurring); Stowell, 82 F.4th at 613–14 (Erickson, J., dissenting). But based on our binding precedent, I concur.

　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿