# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-2046

_____

United States of America

*Plaintiff - Appellee*

v.

Christopher Michael Sledd

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: January 15, 2025
Filed: August 21, 2025

_____

Before GRASZ, STRAS, and KOBES, Circuit Judges.

_____

STRAS, Circuit Judge.

Are drug conspiracies and possession always "committed on occasions different from one another"?  18 U.S.C. § 924(e)(1).  The answer could amount to a decade-or-more difference in Christopher Sledd's sentence.  We conclude that there

are no bright-line rules in this area, but that the one the district court[1] adopted turned out to be harmless on these facts.

## I.

A reported "altercation" led to the discovery of a loaded pistol in a U-Haul truck. Standing nearby was Sledd, who had a box of matching ammunition. He pleaded guilty to illegally possessing the firearm. *See id.* § 922(g)(1) (prohibiting possession by felons).

The default statutory-maximum sentence at the time was 10 years in prison. *See id.* § 924(a)(2) (2018). It increased, however, for anyone with three or more "previous convictions . . . for violent felon[ies] or . . . serious drug offense[s]." *Id.* § 924(e)(1). In those circumstances, the minimum jumped to 15 years, and the maximum became life. *See id.*; *Johnson v. United States*, 576 U.S. 591, 593 (2015). Sledd acknowledged having four prior convictions but reserved the right to challenge whether they count.

The government conceded that one does not. As for two of the others, Sledd's position is that they combine into one because they were committed on the same "occasion[]." 18 U.S.C. § 924(e)(1). Both were drug offenses: the first a conspiracy to distribute cocaine base, *see* 21 U.S.C. §§ 841(a)(1), 846, and the other the possession and distribution of it, *see id.* § 841(a)(1). Based on a prior case of ours involving similar offenses, the district court disagreed. *See United States v. Melbie*, 751 F.3d 586, 589 (8th Cir. 2014). These two offenses, plus an uncontested third, made three, so Sledd's sentence was 20 years rather than 10 years or less. *See* 18 U.S.C. § 924(e)(1). Our review of whether each conviction counts separately is de novo. *See United States v. Stowell*, 82 F.4th 607, 609 (8th Cir. 2023) (en banc).

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

II.

To get to three, the government had to prove that Sledd's two "serious drug offense[s]" were committed "on occasions different from one another." 18 U.S.C. § 924(e)(1). Whether they were is a "multi-factored," *Wooden v. United States*, 595 U.S. 360, 369 (2022), "intensely factual . . . inquiry," *Erlinger v. United States*, 602 U.S. 821, 828 (2024). The factors include whether they "were committed close in time, whether they were committed near to or far from one another, and whether [they] were similar or intertwined in purpose or character." *Id.* (citation omitted).

The district court did not consider any of them. Rather, it compared "the facts here" with *Melbie* and reasoned that if the conspiracy and possession offenses there were committed on different occasions, then so were the ones here, regardless of the specific circumstances. Unlike the element-by-element approach for determining if an offense qualifies as a "violent felony" or "serious drug offense," 18 U.S.C. § 924(e)(1); *see United States v. Lung'aho*, 72 F.4th 845, 848 (8th Cir. 2023) (describing the categorical approach), the different-occasions determination looks at the when, where, and why of the crimes, *see Stowell*, 82 F.4th at 609. The details matter, in other words, so it follows that drug conspiracy and possession are not *always* "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). *Melbie* itself recognizes as much.[2]

Two *Melbie*-like examples illustrate why a bright-line rule does not work. At one extreme, suppose that two dealers meet on a street corner and discuss selling drugs together. But before they do, they want to do a test run. Just minutes later, and on the same street corner, they make the sale that seals the deal. Under *Wooden*,

_____

[2]The two drug offenses in *Melbie* counted separately because the "possession offense was a punctuated event of limited duration" within the larger drug conspiracy, 751 F.3d at 590, which is another way of saying they were not "committed close [enough] in time," *Wooden*, 595 U.S. at 369. The same underlying facts without a "time lapse," however, may have produced a different result. *Melbie*, 751 F.3d at 590.

there would be a strong argument that the conspiracy and sale happened on the same "occasion." 595 U.S. at 367 (discussing "the ordinary meaning" of the word and noting that a single occasion may "include temporally discrete offenses"). The offenses would have been "committed close in time, in an uninterrupted course of conduct" and at the same "location," as part of "a common scheme." *Id.* at 369. The when, where, and why all line up.

At the other extreme, suppose that the two of them sell drugs together months later, perhaps on a different street corner, long after their conspiracy began. *Melbie* would describe the sale as a "punctuated event within that conspiracy." 751 F.3d at 589. A reasonable observer would think the conspiracy and the sale are *different* "event[s], occurrence[s], happening[s], or episode[s]" because the when and where no longer match. *Wooden*, 595 U.S. at 367; *cf. Melbie*, 751 F.3d at 590 (comparing the relative length of the conspiracy to the "punctuated" nature of the possession offense). Same people, same conspiracy, and same crimes, but one would involve offenses committed on "occasions different from one another" and the other would not. 18 U.S.C. § 924(e)(1); *see Wooden*, 595 U.S. at 369–70 ("In many cases, a single factor—especially of time or place—can decisively differentiate occasions."). These examples show why bright-line rules are a poor fit for such a "fact-laden task." *See Erlinger*, 602 U.S. at 834.

A bright-line rule is also inconsistent with the Sixth Amendment jury-trial right recognized in *Erlinger*. *See id.* at 835. If a district court could simply find a case with similar facts and conclude as a matter of law that two crimes were committed on different occasions, then there would be nothing left for the jury to decide. *See id*. It would effectively take a jury question and put it right back in the hands of the court, where the Supreme Court just decided it does not belong. *See id.* at 834 ("Judges may not assume the jury's factfinding function for themselves . . . ."); *United States v. Perry*, 908 F.3d 1126, 1134 (8th Cir. 2018) (Stras, J., concurring) ("A finding that [the defendant] committed his past crimes on different occasions exposes him to a longer sentence, so the jury should make the finding, not the court."); *see also United States v. U.S. Gypsum Co.*, 438 U.S. 422,

447 (1978) (holding that a bright-line legal conclusion "invade[s] [the] factfinding function"); *Morissette v. United States*, 342 U.S. 246, 275 (1952) ("A conclusive presumption . . . would prejudge a conclusion which the [factfinder] should reach of its own volition.").

## III.

The decisionmaker here was the district court, not a jury, but only because Sledd pleaded guilty and agreed to have the court decide whether he had three "previous . . . serious drug offense[s]." 18 U.S.C. § 924(e)(1). It did not do, however, what the jury would have done, which was consider the three *Wooden* factors before deciding whether the different-occasions requirement had been satisfied. *See Erlinger*, 602 U.S. at 834. Nor did it make any findings.

Even so, we can still affirm if the error was harmless. *See Stowell*, 82 F.4th at 610. Although the government does not urge us to go down that route, we can do so if the record "warrants a harmless[-]error ruling that is beyond reasonable argument." *United States v. Hansen*, 944 F.3d 718, 724 n.3 (8th Cir. 2019) (citation omitted); *see United States v. Stoney End of Horn*, 829 F.3d 681, 686 (8th Cir. 2016) (explaining that "[a] non-constitutional error is harmless if we are confident that [it] did not influence the [factfinder] or had only a slight influence on the verdict"). Here, it does.

Sledd's plea agreement provides all the facts we need. It says the drug distribution occurred "on May 5, 1998, in Boone County, Missouri," when Sledd sold "at least 50 grams of . . . cocaine base." It also discusses that he had first conspired to sell drugs almost two years earlier, "beginning on June 1, 1996, . . . in Boone, Cole, and Callaway Counties." Even though these offenses "share a common scheme or purpose" and possibly even a "[p]roximity of location," they are not part of "the same criminal event," *Wooden*, 595 U.S. at 369, because the conspiracy had been ongoing for nearly two years before the "discrete" sale occurred, *Melbie*, 751 F.3d at 587; *see Wooden*, 595 U.S. at 370 (noting that courts

"nearly always treat[] offenses as occurring on separate occasions if a person committed them a day or more apart"); *Stowell*, 82 F.4th at 609 (holding that a "multi-day gap separating [two] offenses strongly support[s]" a finding they occurred on different occasions). As charged and confirmed through the facts in the plea agreement, there is no "reasonable argument" that these two offenses were committed on the same occasion. *Hansen*, 944 F.3d at 724 n.3.

IV.

We accordingly affirm the judgment of the district court.

_____