# United States Court of Appeals
### For the Eighth Circuit
_____

No. 24-3092
_____

United States of America

*Plaintiff - Appellee*

v.

Marcus Venson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: January 12, 2026
Filed: February 6, 2026
[Unpublished]
_____

Before SMITH, ERICKSON, and KOBES, Circuit Judges.
_____

PER CURIAM.

Marcus Venson pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). The district court[1] applied an Armed Career Criminal Act enhancement after finding he had sustained at least "three previous convictions . . .

_____

[1]The Honorable Kristine Baker, Chief Judge, United States District Court for the Eastern District of Arkansas.

for a violent felony . . . committed on occasions different from one another" and imposed the statutory minimum sentence of fifteen years in prison. § 924(e)(1).

Venson first argues that his prior Arkansas convictions for terroristic threatening, residential burglary, aggravated assault, and battery in the second degree are not "violent felon[ies]." See id. But he concedes that we have held to the contrary. See United States v. Myers, 928 F.3d 763, 766–67 (8th Cir. 2019) (terroristic threatening); United States v. Sims, 933 F.3d 1009, 1013 (8th Cir. 2019) (residential burglary); United States v. Hataway, 933 F.3d 940, 945 (8th Cir. 2019) (aggravated assault); United States v. Rice, 813 F.3d 704, 706 (8th Cir. 2016) (second-degree battery).

Next, Venson argues that the indictment or a pretrial notice should have identified which felonies were violent felonies under ACCA, but he acknowledges we do not require this. See United States v. Oaks, 606 F.3d 530, 544 (8th Cir. 2010) ("Notice by the government of its intention to seek an enhanced sentence is not required under ACCA.").

Finally, Venson argues that a jury should have decided whether he had been convicted of three violent felonies that occurred "on occasions different from one another." See § 924(e)(1). But he concedes that the district court is allowed to find "the fact of a prior conviction." See Alleyne v. United States, 570 U.S. 99, 111 n.1 (2013) (citing Almendarez-Torres v. United States, 523 U.S. 224 (1998)). And he admitted at his change of plea hearing that he had "at least three previous convictions . . . for offenses that were committed on occasions different [from] one another."

To the extent his admission was unclear, any Erlinger error is harmless. See Erlinger v. United States, 602 U.S. 821, 835 (2024) (holding that a jury must resolve "ACCA's occasions inquiry"); United States v. Stowell, 82 F.4th 607, 610 (8th Cir. 2023) (en banc) (reviewing for harmless error when the different occasions question not submitted to jury). Venson "did not object to the factual recitation in the

presentence report about his convictions, so the facts are admitted and may be considered as true." United States v. Bowling, 135 F.4th 1125, 1127 (8th Cir. 2025). For the convictions listed above, the PSR lists different victims and offense dates, with more than three months separating each offense—October 1, 1996; June 27, 1997; May 22, 2014; and September 7, 2014. See id. at 1126 ("Courts 'have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart.'" (quoting Wooden v. United States, 595 U.S. 360, 370 (2022))). No reasonable jury could find that Venson committed any of these four offenses on the same occasion. See id. at 1127 (no plausible argument that offenses were committed on the same occasion when the offenses involved "different victims in different locations on different dates, with at least a week separating each offense").

Affirmed.

_____